UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROACH, | No. 2:13-cv-2642 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On January 26, 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 26, 2011. (Transcript ("Tr.") at 18, 142-50.) Plaintiff's application was denied initially,

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 3 & 9.)

(id. at 73-77), and upon reconsideration. (Id. at 85-89.) Thereafter, plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on August 1, 2012. (Id. at 18, 31.) Plaintiff was represented by a non-attorney representative, (id. at 18, 35), and testified at the administrative hearing. (Id. at 32.) In a decision issued on August 29, 2012, the ALJ found that plaintiff was not disabled. (Id. at 27.)

The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since January 26, 2011, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: bilateral carpal tunnel syndrome, hypertension, obesity, and mood disorder (20 CFR 416.920(c)).
>
> 3. At no time relevant did claimant have the necessary x-rays, clinical findings or signs of a physical impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except claimant is limited to only occasional climbing of ladder/rope/scaffolds and frequent gross manipulation and fingering with right hand, no limits with left hand due to carpal tunnel syndrome. Moreover, claimant is limited to simple routine tasks.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on June 24, 1957 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocations Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

      10.  The claimant has not been under a disability, as defined in the Social Security Act, since January 26, 2011, the date the application was filed (20 CFR 416.920(g)).

(Id. at 20-27.)

On September 24, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's August 29, 2012 decision. (Id. at 8-10.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 22, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff presents the following two claims: (1) the ALJ erred in rejecting plaintiff's subjective testimony; and (2) the ALJ's treatment of the medical opinion evidence constituted error.[2] Below, the court will address both arguments.

**I.  Subjective Testimony**

Plaintiff first asserts that the ALJ erred by rejecting plaintiff's own subjective testimony. (Pl.'s MSJ (Dkt. No. 13) at 11.[3]) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about

---

[2]  The court has reordered plaintiff's claims for purposes of efficiency.

[3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

>  the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing."  Id.

Here, at the August 1, 2012 administrative hearing, plaintiff testified about his subjective symptoms.  According to plaintiff's testimony he needed assistance to button a shirt, he did not shave himself and could not buckle his belt due to the limited use of his right hand.  (Tr. at 45.)  Plaintiff also testified that he had to open medication bottles by using his feet.  (Id. at 49.)  In his August 29, 2012 opinion, the ALJ recounted plaintiff's subjective complaints, including the testimony noted above, and the medical evidence of record before providing the rationale for his residual functional capacity determination.  (Tr. at 22-25.)

Although the ALJ's opinion discussed plaintiff's testimony, it failed to address how the ALJ treated plaintiff's subjective testimony.  Rather, the opinion appears to have ignored plaintiff's testimony.  Thus, it is entirely unclear how the ALJ reconciled plaintiff's testimony concerning the limited use of his right hand with the determination that plaintiff maintained the

5

1 residual functional capacity to do "occasional climbing of ladder/rope/scaffolds and frequent
2 gross manipulation and fingering with right hand" or, if the ALJ found plaintiff's testimony to be
3 not credible, why. (Id. at 21.)

4     "[A]lthough an adjudicator may find the claimant's allegations of severity to be not
5 credible, the adjudicator must specifically make findings which support this conclusion." Bunnell
6 v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). "[A] reviewing court should not be forced to
7 speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling"
8 symptoms. Id. at 346. "General findings are insufficient; rather, the ALJ must identify what
9 testimony is not credible and what evidence undermines the claimant's complaints." Reddick v.
10 Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citation and internal quotation marks omitted). See
11 also Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) ("the ALJ must specifically
12 identify the testimony she or he finds not to be credible and must explain what evidence
13 undermines the testimony").

14     Defendant attempts to support the ALJ's treatment of plaintiff's testimony by asserting
15 that the ALJ found that plaintiff made "inconsistent statements," that plaintiff's credibility was
16 "diminished," in certain respects and that plaintiff's treatment suggested his limitations were "not
17 as severe as purported." (Def.'s MSJ (Dkt. No. 14) at 6.) As noted by plaintiff in his reply,
18 however, that is not an accurate characterization of the ALJ's opinion and, certainly, the ALJ did
19 not make any such findings. (Pl.'s Reply (Dkt. No. 15) at 4-5.) Although defendant's motion
20 cites to certain excerpts of the ALJ's opinion in support of her argument, it is entirely unclear
21 how those citied excerpts support defendant's characterization of the ALJ's opinion.[4]

22     To the extent defendant is asserting that the court may infer the ALJ made certain findings
23 with respect to plaintiff's testimony based on the evidence discussed elsewhere in the ALJ's
24 opinion, the Ninth Circuit has specifically rejected that argument. In Treichler v. Commissioner
25 of Social Sec. Admin., 775 F.3d 1090 (9th Cir. 2014), the Ninth Circuit stated,
26 /////

---

[4] Notably, the word "inconsistent" cannot be found anywhere in the ALJ's opinion. That characterization of plaintiff's statements is found only in the Commissioner's argument.

> Because the ALJ set out his RFC and summarized the evidence supporting his determination, the government argues that we can reasonably infer that the ALJ rejected [plaintiff's] testimony to the extent it conflicted with that medical evidence. But we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.

Id. at 1103 (citation omitted). See also Brown-Hunter v. Colvin, ___ F.3d ___,___, 2015 WL 4620123, at *6 (9th Cir. Aug. 4, 2015) ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting Brown-Hunter's pain testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony."); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

For the reasons stated above, the court finds that in this case the ALJ did not offer a clear or convincing reason for rejecting plaintiff's subjective testimony regarding the severity of his symptoms. Accordingly, plaintiff is entitled to summary judgment in his favor with respect to this claim.

## II.    Medical Opinion Evidence

Plaintiff also correctly argues that the ALJ failed to consider, and did not reference in his decision, the opinions of Dr. Thomas Daniel and Dr. Robert Blum.[5] (Pl.'s MSJ (Dkt. No. 13) at 7-8.) However, those opinions were "rendered in 2004 and 2005." (Pl.'s Reply (Dkt. No. 15) at 3.) The question before the ALJ was whether plaintiff had been under a disability since January 26, 2011, the date of plaintiff's application. (Tr. at 27.)

In this regard, "in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Instead, the ALJ must only "explain why 'significant probative evidence has been rejected.'" Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (quoting Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981)). Accordingly, the resolution of this claim depends upon whether the opinions of Dr. Daniel or Dr. Blum, rendered in 2004 and 2005 in connection

---

[5] The parties dispute whether these doctors where treating or examining physicians.

1 with plaintiff's California workers' compensation claim, constituted significant probative
2 evidence which the ALJ was required to discuss.  See Williams v. Colvin, ___ F.Supp.3d
3 ___,___, No. 13-CV-6525 EAW, 2015 WL 1639630, at *15 (W.D. N.Y. Apr. 10, 2015) ("The
4 ALJ was not required to evaluate the opinions of Dr. Balderman or Dr. Hamilton because those
5 opinions pre-date the relevant time period in this case."); Dotson v. Astrue, No.1:10-cv-0243
6 SKO, 2011 WL 1883468, at *6 (E.D. Cal. May 17, 2011) ("Dr. Stoltz's opinion rendered almost a
7 year before the filing of the current application is stale and not time-relevant to Plaintiff's current
8 claim of disability"); Slack v. Astrue, No. CV 09-4819 RZ, 2010 WL 2354073, at *1 (C.D. Cal.
9 June 8, 2010) ("it was not error not to consider the opinion of Dr. Harris, for there was no opinion
10 referencing the relevant time period").  But cf. Mitchell v. Astrue, No. ED CV 09-1258, 2010 WL
11 1994695, at *6 (C.D. Cal. May 14, 2010) ("the ALJ properly rejected Dr. Kim's August 1, 2006,
12 opinion on the basis that it was outside the relevant time period"); Lind v. Commissioner of
13 Social Sec., No. 07CV1395-LAB(WMc), 2008 WL 4370017, at *20 (S.D. Cal. Sept. 24, 2008)
14 ("The reports that Plaintiff relies upon are all outside the relevant time period. . . .  the ALJ does
15 not err when he determines such evidence to have little weight or probative value."); Mullins v.
16 Astrue, No. 4:06-CV-0159 DFH-WGH, 2008 WL 360793, at *10 (S.D. Ind. Feb. 8, 2008)
17 ("Because Mr. Mullins was foreclosed from arguing that he was disabled prior to May 20, 2003,
18 and was last insured on June 30, 2002, the ALJ did not err by giving little weight to evidence
19 outside the relevant time period.").
20     In light of the remand required by the ALJ's error with respect to plaintiff's subjective
21 testimony, the court need not resolve this issue.  However, on remand if the ALJ were determine
22 that the opinions of Dr. Daniel and/or Dr. Blum are not relevant, due to their age or for any other
23 reasons, he should specifically so state.
24     **III.     Scope of Remand**
25     With error established, the court has the discretion to remand or reverse and award
26 benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded
27 under the "credit-as-true" rule for an award of benefits where:
28 /////

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021. See also Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, because the ALJ failed to provide any reason for rejecting plaintiff's subjective testimony the record in this action has not been fully developed and is uncertain and ambiguous.[6] Accordingly, the court finds that this matter should be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 13) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 14) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: August 20, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\roach2642.ord.docx

---

[6] This would be true even if the court had found that the ALJ erred by failing to address the opinion of Dr. Daniel or Dr. Blum, given the remoteness of those opinions to the relevant time period at issue.

9